IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

CIVIL ACTION NUMBER:

| | |
|---|---|
| State National Insurance Company, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Julius Green, Jonathan Ravenel, and Ravenel Builders, LLC <br><br> Defendants. | **COMPLAINT FOR DECLARATORY JUDGMENT** |

Plaintiff State National Insurance Company, Inc., seeking a declaration of rights from this Court pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57, alleges as follows:

## PARTIES

1. State National Insurance Company, Inc. ("State National") is a corporation incorporated in the state of Texas, with its principal place of business in the state of Texas.

2. Upon information and belief, Defendant Julius Green is a citizen and resident of Charleston County, South Carolina.

3. Upon information and belief, Defendant Jonathan Ravenel is a citizen and resident of Charleston County, South Carolina.

4. Upon information and belief, Defendant Ravenel Builders, LLC is a limited liability company organized pursuant to the laws of the State of South Carolina, with its principal place of business in Charleston County, South Carolina, whose members are citizens of Charleston County, South Carolina.

**JURISDICTION & VENUE**

5.  This Court has jurisdiction over this action under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties, and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

6.  The District of South Carolina, Charleston Division, is the proper venue under 28 U.S.C. § 1391(b)(1)–(2) and Local Civ. Rule 3.01(A)(1) (D.S.C.), because a substantial part of the events or omissions giving rise to the claim occurred within this district and division; and the Underlying Lawsuit giving rise to the claims at issue is pending in this district.

7.  There is an actual controversy between the parties such that a declaration of the parties' respective rights is proper under 28 U.S.C. § 2201.

**FACTUAL BACKGROUND**

**Insurance Policy**

8.  State National issued insurance policy number NXTERSXXZW-02-GL ("the Policy") to the Named Insured, "Jonathan Ravenel/Ravenel Builders, LLC," for the policy period of June 5, 2022 to June 5, 2023.  See Exhibit A.

9.  The Policy's Commercial General Liability Declarations state that the Policy affords coverage with a $1,000,000 "each occurrence" limit.

10. The Policy states, in pertinent part, "Various provisions in this policy restrict coverage.  Read the entire policy carefully to determine rights, duties and what is and is not covered."

11. The Policy's Commercial General Liability Coverage Form states, in pertinent part, that for Coverage A – Bodily Injury and Property Damage Liability, State National "will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily

injury' or 'property damage' to which this insurance applies" and State National "will have the right and duty to defend the insured against any 'suit' seeking those damages."

12.    By virtue of endorsement NXT-0078 BM GL 0218, Coverage A excludes coverage for "'Bodily injury' to: (1) An 'employee' of any insured arising out of and in the course of: (a) Employment by any insured; or (b) Performing duties related to the conduct of an insured's business; or (2) The spouse, child, parent, brother or sister of that 'employee' as a consequence of Paragraph (1) above."  This exclusion "applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury."

13.    Coverage A excludes coverage for "Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law."

14.    The Policy contains endorsement NXT-0307 BM GL 0418 titled "Contractor/Sub-Contractor Insurance Requirements" that modifies the insurance provided under the Commercial General Liability Coverage Part and states, in pertinent part, that Coverage under this Coverage Part does not apply to an "occurrence" in which a sub-contractor is involved unless such sub-contractor: "1. Is operating pursuant to a written agreement between you and the contractor or sub-contractor; and 2. Has commercial general liability insurance on which you are named as an additional insured with limits equal to or exceeding the limits provided by this policy."  Moreover, this endorsement states "B. With respect to an "occurrence" in which a sub-contractor is involved and such sub-contractor: 1. Is operating pursuant to a written agreement between you and the contractor or sub-contractor; and 2. Has commercial general liability insurance on which you are named as an additional insured with limits equal to or exceeding the

3

limits provided by this policy, any insurance provided by this Coverage Part shall be excess over any insurance provided to you through or by the sub-contractor."

15. The Policy contains endorsement NXT-0082 BM GL 0218, titled "Limitation of Coverage to Business Description," which modifies the Commercial General Liability Coverage Part and states, in pertinent part: "I. SECTION I – COVERAGES, COVERAGE A BODILIY INJURY AND PROPERTY DAMAGE LIABILITY, 1. Insuring Agreement, b. is amended and the following added: (4) The 'bodily injury' or 'property damage' is caused by or results from the business described in the Schedule." Moreover, the endorsement states "SECTION I – COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY, 1. Insuring Agreement, b. is amended and the following added: This insurance applies to 'personal and advertising injury' caused by an offense in the course of the business in the Schedule."

16. The Schedule included in the Limitation of Coverage to Business Description endorsement states "Business Description: Door, Window, or Assembled Millwork - Installation, Service, or Repair – Metal; Non-Metal Door and Window Installation; Fence Erection; Handyperson Work and Miscellaneous Small Jobs; Contractors - Subcontracted Work - Family Dwellings."

17. The Policy contains endorsement NXT-0083 BM GL 0218, titled "Exclusion – Non-Compensatory Damages," which amends the exclusions within Coverage A and Coverage B to add an exclusion titled "Punitive Damages," which states "This insurance does not apply to any claim for or awards of non-compensatory damages, including, but not limited to: 1. Punitive, exemplary or multiple damages; 2. Equitable or non-pecuniary relief; or 3. Fines, penalties, court imposed sanctions, return or restitution of legal fees, costs or other expenses associated with such awards."

18. The Policy's Commercial General Liability Coverage Form states, in pertinent part, that for Coverage B – Personal and Advertising Injury Liability, State National will "pay those sums that the insured becomes legally obligated to pay as damages because of 'personal and advertising injury' to which this insurance applies" and State National "will have the right and duty to defend the insured against any 'suit' seeking those damages."

19. The Policy defines "Bodily injury" to mean "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time."

20. The Policy defines "Property damage" to mean, in pertinent part, "a. physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the 'occurrence' that caused it."

21. The Policy defines "Personal and advertising injury" to mean "injury, including consequential 'bodily injury', arising out of one or more of the following offenses: a. False arrest, detention or imprisonment; b. Malicious prosecution; c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor; d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services; e. Oral or written publication, in any manner, of material that violates a person's right of privacy; f. The use of another's advertising idea in your 'advertisement'; or g. Infringing upon another's copyright, trade dress or slogan in your 'advertisement'."

22. By virtue of endorsement NXT-A01 GL SC 0118, the Policy amends the definition of an "occurrence" to mean "a. An accident, including continuous or repeated exposure to substantially the same general harmful conditions; and b. 'Property damage' or 'bodily injury' resulting from faulty workmanship, exclusive of the faulty workmanship itself."

## Underlying Claim and Lawsuit

23. Defendant Green filed the lawsuit captioned *Julius Green v. Jonathan Ravenel individually and as representative of Ravenel Builders LLC, Michael Hayes, Jacquelyn Hayes, NEXT Insurance, John Doe, Jane Doe* (2023-CP-10-05783)("the Underlying Lawsuit") in the Charleston County Court of Common Pleas on November 28, 2023. That Complaint (Exhibit B) ("the Complaint") contends that on June 17, 2022, Defendant Green was working at a residential construction site located at 6708 Ethel Post Office Road, Hollywood, South Carolina, "for Defendant Ravenel," when he climbed a ladder, stepped onto scaffolding, and fell to the ground after another worker "abruptly jerked" the platform. Green claims bodily injuries, medical expenses, and lost wages.

24. The Underlying Lawsuit asserts the following causes of action: (1) negligence against Jonathan Ravenel, Ravenel Builders LLC, the purported property owners Michael Hayes and Jacquelyn Hayes (collectively "Homeowners"), and unknown defendants John Doe and Jane Doe (collectively "Doe Defendants"), (2) premises liability against Jonathan Ravenel, Ravenel Builders LLC, the Homeowners, and Doe Defendants, and (3) bad faith, implied covenant of good faith and fair dealings against Next Insurance,

25. The prayer for relief in the Underlying Lawsuit includes claims for "actual, direct, indirect, special, resulting and consequential damages," punitive damages, prejudgment and post-judgment interest, reasonable attorneys' fees, and costs.

6

26. The claim against Next Insurance was dismissed without prejudice by consent order filed on May 14, 2024.

27. State National is providing a defense to Jonathan Ravenel and Ravenel Builders LLC in the Underlying Lawsuit pursuant to a full reservation of rights.

28. Both the pleadings and discovery in the Underlying Case establish that Defendant Green was working for Defendant Jonathan Ravenel and Defendant Ravenel Builders LLC when he was allegedly injured.

29. At the time of the Subject Accident, Defendant Jonathan Ravenel and Defendant Ravenel Builders LLC were constructing a "pole building" that would function as a large garage or work space, and Defendant Green was working in hanging roof trusses/rafters at the time of the Subject Accident.

30. Discovery in the Underlying Case establishes that Jonathan Ravenel regularly paid Green for work, transported him to and from jobsites, directed his work "verbatim," supplied his tools, and purchased his meals.

31. Defendant Jonathan Ravenel has testified that any attempt to classify Defendant Green as a subcontractor rather than an employee would be in an effort to avoid purchasing mandatory workers' compensation insurance for Defendant Green and others.

32. Defendant Green was an employee of Defendant Jonathan Ravenel and Defendant Ravenel Builders LLC, and his alleged bodily injuries arise out of and in the course of employment by Defendant Jonathan Ravenel and Defendant Ravenel Builders LLC and performing duties related to the conduct of Defendant Jonathan Ravenel's and Defendant Ravenel Builders LLC's business.

33. Assuming *arguendo* that Defendant Green was not an employee of Defendants Jonathan Ravenel and Defendant Ravenel Builders LLC and was instead a subcontractor, discovery in the Underlying Case has established that Defendant Green was not operating pursuant to a written agreement between himself and either Defendant Jonathan Ravenel or Defendant Ravenel Builders LLC, nor did Defendant Green have commercial general liability insurance on which Defendant Jonathan Ravenel and/or Defendant Ravenel Builders LLC were named as additional insureds with limits equal to or exceeding the limits provided by the Policy.

## FOR A FIRST DECLARATION

34. The allegations in the preceding paragraphs are realleged as though repeated verbatim herein.

35. By virtue of endorsement NXT-0078 BM GL 0218, Coverage A excludes coverage for "'Bodily injury' to: (1) An 'employee' of any insured arising out of and in the course of: (a) Employment by any insured; or (b) Performing duties related to the conduct of an insured's business; or (2) The spouse, child, parent, brother or sister of that 'employee' as a consequence of Paragraph (1) above." This exclusion "applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury."

36. Both the pleadings and discovery in the Underlying Case establish that Defendant Green was working for Defendant Jonathan Ravenel and Defendant Ravenel Builders LLC when he was allegedly injured.

37. Discovery in the Underlying Case establishes that Jonathan Ravenel regularly paid Green for work, transported him to and from jobsites, directed his work "verbatim," supplied his tools, and purchased his meals.

38. Defendant Jonathan Ravenel and Defendant Ravenel Builders LLC employed at least four employees, including Defendant Green, at the time of the Subject Accident.

39. Defendant Jonathan Ravenel has testified that any attempt to classify Defendant Green and other employees as subcontractors rather than employees was in an effort to avoid purchasing mandatory workers' compensation insurance for Defendant Green and others.

40. Defendant Green was an employee of Defendant Jonathan Ravenel and Defendant Ravenel Builders LLC, and his alleged bodily injuries arise out of and in the course of employment by Defendant Jonathan Ravenel and Defendant Ravenel Builders LLC and performing duties related to the conduct of Defendant Jonathan Ravenel's and Defendant Ravenel Builders LLC's business.

41. State National seeks a declaration from this Court that Defendant Green's alleged bodily injuries arise out of and in the course of employment by Defendant Jonathan Ravenel and Defendant Ravenel Builders LLC and performing duties related to the conduct of Defendant Jonathan Ravenel's and Defendant Ravenel Builders LLC's business, Coverage A and the Policy do not afford coverage for the damages alleged in the Underlying Lawsuit; and State National does not have duties to defend or indemnify Defendant Jonathan Ravenel and Defendant Ravenel Builders LLC in the Underlying Lawsuit.

## FOR A SECOND DECLARATION

42. The allegations in the preceding paragraphs are realleged as though repeated verbatim herein.

43. Coverage A excludes coverage for "Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law."

44. Both the pleadings and discovery in the Underlying Case establish that Defendant Green was working for Defendant Jonathan Ravenel and Defendant Ravenel Builders LLC when he was allegedly injured.

45. Discovery in the Underlying Case establishes that Jonathan Ravenel regularly paid Green for work, transported him to and from jobsites, directed his work "verbatim," supplied his tools, and purchased his meals.

46. Defendant Jonathan Ravenel and Defendant Ravenel Builders LLC employed at least four employees, including Defendant Green, at the time of the Subject Accident.

47. South Carolina law mandated that Defendant Jonathan Ravenel and Defendant Ravenel Builders LLC provide workers' compensation insurance for Defendant Green and others.

48. Defendant Jonathan Ravenel has testified that any attempt to classify Defendant Green and other employees as subcontractors rather than employees was in an effort to avoid purchasing mandatory workers' compensation insurance for Defendant Green and others.

49. State National seeks a declaration from this Court that any judgment against or obligation of Defendant Jonathan Ravenel and Defendant Ravenel Builders LLC would constitute an "obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law;" Coverage A and the Policy do not cover the allegations of the Underlying Lawsuit; and State National does not have duties to defend or indemnify Defendant Jonathan Ravenel and Defendant Ravenel Builders LLC in the Underlying Lawsuit.

**FOR A THIRD DECLARATION**

50. The allegations in the preceding paragraphs are realleged as though repeated verbatim herein.

51. The Policy contains endorsement NXT-0307 BM GL 0418 titled "Contractor/Sub-Contractor Insurance Requirements" that modifies the insurance provided under the Commercial General Liability Coverage Part and states, in pertinent part, that Coverage under this Coverage Part does not apply to an "occurrence" in which a sub-contractor is involved unless such sub-contractor: "1. Is operating pursuant to a written agreement between you and the contractor or sub-contractor; and 2. Has commercial general liability insurance on which you are named as an additional insured with limits equal to or exceeding the limits provided by this policy." Moreover, this endorsement states "B. With respect to an "occurrence" in which a sub-contractor is involved and such sub-contractor: 1. Is operating pursuant to a written agreement between you and the contractor or sub-contractor; and 2. Has commercial general liability insurance on which you are named as an additional insured with limits equal to or exceeding the limits provided by this policy, any insurance provided by this Coverage Part shall be excess over any insurance provided to you through or by the sub-contractor."

52. Assuming *arguendo* that Defendant Green was not an employee of Defendant Jonathan Ravenel and Defendant Ravenel Builders LLC and was instead a subcontractor, discovery in the Underlying Case has established that Defendant Green was not operating pursuant to a written agreement between himself and either Defendant Jonathan Ravenel or Defendant Ravenel Builders LLC, nor did Defendant Green have commercial general liability insurance on which Defendant Jonathan Ravenel and/or Defendant Ravenel Builders LLC were named as additional insureds with limits equal to or exceeding the limits provided by the Policy.

53. State National seeks a declaration from this Court that even assuming *arguendo* that Defendant Green was not an employee of Defendant Jonathan Ravenel and Defendant Ravenel Builders LLC, the provisions of the Policy's Contractor/Sub-Contractor Insurance Requirements are not met; coverage under the Commercial General Liability Coverage Part and the Policy does not apply to the allegations of the Underlying Lawsuit; and State National does not have duties to defend or indemnify Defendant Jonathan Ravenel and Defendant Ravenel Builders LLC in the Underlying Lawsuit.

## FOR A FOURTH DECLARATION

54. The allegations in the preceding paragraphs are realleged as though repeated verbatim herein.

55. The Policy contains endorsement NXT-0082 BM GL 0218, titled "Limitation of Coverage to Business Description," which modifies the Commercial General Liability Coverage Part and states, in pertinent part: "I. SECTION I – COVERAGES, COVERAGE A BODILIY INJURY AND PROPERTY DAMAGE LIABILITY, 1. Insuring Agreement, b. is amended and the following added: (4) The 'bodily injury' or 'property damage' is caused by or results from the business described in the Schedule." Moreover, the endorsement states "SECTION I – COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY, 1. Insuring Agreement, b. is amended and the following added: This insurance applies to 'personal and advertising injury' caused by an offense in the course of the business in the Schedule."

56. The Schedule included in the Limitation of Coverage to Business Description endorsement states "Business Description: Door, Window, or Assembled Millwork - Installation, Service, or Repair – Metal; Non-Metal Door and Window Installation; Fence Erection;

12

Handyperson Work and Miscellaneous Small Jobs; Contractors - Subcontracted Work - Family Dwellings."

57. At the time of the Subject Accident, Defendant Jonathan Ravenel and Defendant Ravenel Builders LLC were constructing a "pole building" that would function as a large garage or work space, and Defendant Green was working in hanging roof trusses/rafters at the time of the Subject Accident.

58. State National seeks a declaration from this Court that the injuries and/or damages alleged in the Complaint and Underlying Lawsuit were not caused by or resulting from the business described in the schedule contained in the Limitation of Coverage to Business Description endorsement; Coverage A, Coverage B, and the Policy do not cover the allegations of the Underlying Lawsuit; and State National does not have duties to defend or indemnify Defendant Jonathan Ravenel and Defendant Ravenel Builders LLC in the Underlying Lawsuit.

## FOR A FIFTH DECLARATION

59. The allegations in the preceding paragraphs are realleged as though repeated verbatim herein.

60. South Carolina law requires employers with four or more employees to secure worker's compensation insurance.

61. Defendant Jonathan Ravenel and Defendant Ravenel Builders LLC employed at least four employees, including Defendant Green, at the time of the Subject Accident.

62. Defendant Jonathan Ravenel has testified that any attempt to classify Defendant Green as a subcontractor rather than an employee would be in an effort to avoid purchasing mandatory workers' compensation insurance for Defendant Green and others.

63. Permitting coverage under the Policy would amount to converting a Commercial General Liability policy into a *de facto* workers compensation policy, contrary to the Policy language, South Carolina law, and South Carolina public policy.

64. State National seeks a declaration from this Court that permitting coverage under the Policy is contrary to the Policy language, South Carolina law, and South Carolina public policy; and State National does not have duties to defend or indemnify Defendant Jonathan Ravenel and Defendant Ravenel Builders LLC in the Underlying Lawsuit.

## **FOR A SIXTH DECLARATION**

65. The allegations in the preceding paragraphs are realleged as though repeated verbatim herein.

66. The Policy's Commercial General Liability Coverage Form states, in pertinent part, that for Coverage B – Personal and Advertising Injury Liability, State National will "pay those sums that the insured becomes legally obligated to pay as damages because of 'personal and advertising injury' to which this insurance applies" and State National "will have the right and duty to defend the insured against any 'suit' seeking those damages."

67. The Policy defines "Personal and advertising injury" to mean "injury, including consequential 'bodily injury', arising out of one or more of the following offenses: a. False arrest, detention or imprisonment; b. Malicious prosecution; c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor; d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services; e. Oral or written publication, in any manner, of material that violates a person's right of privacy; f. The

use of another's advertising idea in your 'advertisement'; or g. Infringing upon another's copyright, trade dress or slogan in your 'advertisement'."

68. The allegations of the Underlying Lawsuit do not constitute "personal and advertising injury" as defined by the Policy and are therefore not covered under Coverage B.

69. State National seeks a declaration from this Court that the injuries and/or damages alleged do not constitute "personal and advertising injury;" Coverage B and the Policy do not cover the allegations of the Underlying Lawsuit; and State National does not have duties to defend or indemnify Defendant Jonathan Ravenel and Defendant Ravenel Builders LLC in the Underlying Lawsuit.

## FOR A SEVENTH ALLEGATION

70. The Policy contains a "Non-Compensatory Damages" exclusion, which provides: "This insurance does not apply to any claim for or awards of non-compensatory damages, including, but not limited to: 1. Punitive, exemplary or multiple damages; 2. Equitable or non-pecuniary relief; or 3. Fines, penalties, court imposed sanctions, return or restitution of legal fees, costs or other expenses associated with such awards."

71. The Underlying Lawsuit prays for an award of punitive damages.

72. State National seeks a declaration from this Court that any award of punitive damages, or any other damages that fit within the Non-Compensatory Damages exclusion, are not covered by the Policy and State National has no duty to indemnify Defendant Jonathan Ravenel and Defendant Ravenel Builders LLC for a judgment of such damages in the Underlying Lawsuit.

## FOR AN EIGHTH DECLARATION

73. The allegations in the preceding paragraphs are realleged as though repeated verbatim herein.

74. In addition to the aforementioned provisions of the Policy, no other provisions of the Policy afford coverage for any claims or damages alleged in the Underlying Lawsuit.

75. State National seeks a declaration from the Court that no other provisions of the Policy afford coverage for any claims or damages alleged in the Underlying Lawsuit, and State National does not have duties to defend or indemnify Defendant Jonathan Ravenel and Defendant Ravenel Builders LLC in the Underlying Lawsuit.

WHEREFORE, State National prays:

(a) that the Court issue a declaration that Defendant Green's alleged bodily injuries arise out of and in the course of employment by Defendant Jonathan Ravenel and Defendant Ravenel Builders LLC and performing duties related to the conduct of Defendant Jonathan Ravenel's and Defendant Ravenel Builders LLC's business, Coverage A and the Policy do not afford coverage for the damages alleged in the Underlying Lawsuit; and State National does not have duties to defend or indemnify Defendant Jonathan Ravenel and Defendant Ravenel Builders LLC in the Underlying Lawsuit;

(b) that the Court issue a declaration that any judgment against or obligation of Defendant Jonathan Ravenel and Defendant Ravenel Builders LLC would constitute an "obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law;" Coverage A and the Policy do not cover the allegations of the Underlying Lawsuit; and State National does not have duties to defend or indemnify Defendant Jonathan Ravenel and Defendant Ravenel Builders LLC in the Underlying Lawsuit;

16

(c) that the Court issue a declaration that even assuming *arguendo* that Defendant Green was not an employee of Defendant Jonathan Ravenel and Defendant Ravenel Builders LLC, the provisions of the Policy's Contractor/Sub-Contractor Insurance Requirements are not met; coverage under the Commercial General Liability Coverage Part and the Policy do not apply to the allegations of the Underlying Lawsuit; and State National does not have duties to defend or indemnify Defendant Jonathan Ravenel and Defendant Ravenel Builders LLC in the Underlying Lawsuit;

(d) that the Court issue a declaration that the injuries and/or damages alleged in the Complaint and Underlying Lawsuit were not caused by or resulting from the business described in the schedule contained in the Limitation of Coverage to Business Description endorsement; Coverage A, Coverage B, and the Policy do not cover the allegations of the Underlying Lawsuit; and State National does not have duties to defend or indemnify Defendant Jonathan Ravenel and Defendant Ravenel Builders LLC in the Underlying Lawsuit;

(e) that the Court issue a declaration that permitting coverage under the Policy is contrary to the Policy language, South Carolina law, and South Carolina public policy; and State National does not have duties to defend or indemnify Defendant Jonathan Ravenel and Defendant Ravenel Builders LLC in the Underlying Lawsuit;

(f) that the Court issue a declaration that the injuries and/or damages alleged do not constitute "personal and advertising injury;" Coverage B and the Policy do not cover the allegations of the Underlying Lawsuit; and State National does not have duties to defend or indemnify Defendant Jonathan Ravenel and Defendant Ravenel Builders LLC in the Underlying Lawsuit;

(g) that the Court issue a declaration that any award of punitive damages, or any other damages that fit within the Non-Compensatory Damages exclusion, are not covered by the Policy and State National has no duty to indemnify Defendant Jonathan Ravenel and Defendant Ravenel Builders LLC for a judgment of such damages in the Underlying Lawsuit;

(h) that the Court issue a declaration that no other provisions of the Policy afford coverage for any claims or damages alleged in the Underlying Lawsuit, and State National does not have duties to defend or indemnify Defendant Jonathan Ravenel and Defendant Ravenel Builders LLC in the Underlying Lawsuit;

(i) that the Court awards such other relief as this Court deems just and proper.

TURNER PADGET GRAHAM & LANEY, P.A.

By: */s/ Robert E. Kneece III*
Robert E. Kneece III, Fed. ID No.: 12351
40 Calhoun Street, Suite 200 (29401)
P.O. Box 22129
Charleston, South Carolina 29413
Telephone: (843) 576-2829
Facsimile: (843) 843-577-1639
Email: RKneece@TurnerPadget.com

ATTORNEYS FOR STATE NATIONAL
INSURANCE COMPANY, INC.

Charleston, SC
October 2, 2025